# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2010

Lyle W. Cayce
Clerk

No. 09-50514
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO JIMENEZ-OROZCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-651-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Armando Jimenez-Orozco (Jimenez) appeals from his 57-month sentence for illegal reentry; his sentence fell at the bottom of the guidelines range. He argues that the sentence is unreasonable because the district court failed to explain its reasons for denying his request for a below-guidelines sentence.

Because Jimenez did not object to his sentence in the district court, we review for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). The district court's comments indicate that it considered Jimenez's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments but also took into account his history and the need to deter him from committing further crimes against the public in the future. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court was not required to engage in "robotic incantations that each statutory factor has been considered." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citation omitted). The within-guidelines sentence is presumed to be substantively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). This court has previously affirmed as substantively reasonable sentences within the guidelines range in other illegal reentry cases when defendants raised similar arguments for below-guidelines sentences. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.